IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00913-REB-BNB

ELIZABETH GWIN,

Plaintiff,

v.

EINSTEIN NOAH RESTAURANT GROUP, INC., d/b/a Noah's Bagels, a business entity form unknown, and
DOES 1-100,

Defendants.
_____

## ORDER
_____

This matter arises on the **Motion for Protective Order and Request for Attorney's Fees** [Doc. # 1, filed 4/22/2010] (the "Motion for Protective Order"), filed by Defendant Einstein Noah Restaurant Group, Inc. ("Einstein's"), and its attorney, Donald L. Samuels. The Motion for Protective Order is GRANTED.

This is a discovery dispute arising out of an action pending in the United States District Court for the Eastern District of California (the "California Action"). In the California Action the plaintiff asserts claims against Einstein's under California state law for "gender discrimination," "failure to provide reasonable accommodation," and "failure to transfer to less strenuous position." Complaint [Doc. # 1-1] at p. 2. Samuels is lead trial counsel for Einstein's in the California Action. Motion for Protective Order [Doc. # 1] at p. 1.

On April 2, 2010, the plaintiff served on Samuels a subpoena duces tecum to appear and testify in connection with the California Action. Subpoena In a Civil Case [Doc. # 1-2] at pp. 2-

5 (the "Subpoena"). The Subpoena also commands Samuels to produce the following documents at the time of his testimony:

> (1) With respect to your harassment training, which Ms. Gwin [the plaintiff in the California Action] attended in Walnut Creek, please produce any and all documents that you used to rely on to train Einstein employees about illegal harassment on behalf of Einstein Noah's;
>
> (2) With respect to your harassment training, which Ms. Gwin attended in Walnut Creek, please produce any and all documents that you may have provided to the employees, including Ms. Gwin at the harassment training.
>
> (3) With respect to your harassment training, which Ms. Gwin attended in Walnut Creek, please produce any and all documents that you used, read and/or relied on in preparing four your training and presentation.

Subpoena [Doc. # 1-2] at p. 3.

I find that the Subpoena should be quashed pursuant to Boughton v. Cotter, 65 F.3d 823 (10th Cir. 1995). Relying on Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), the Tenth Circuit Court of Appeals held in Boughton:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts t preparing the client's case without fear of being interrogated by his or her opponent.

Boughton, 65 F.3d at 829 (internal quotations and citations omitted).

Before a party may depose its opposing counsel it first must make a showing that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id. The plaintiff has not met this burden.

First, the plaintiff has made no showing, and no attempt to show, that no means other than Samuels' deposition exists to obtain the requested information. See Opposition to Motion for Protective Order [Doc. # 9, filed 5/13/2010] (the "Response"). To the contrary, it is apparent that the requested information is available from numerous other sources. Most importantly, the Subpoena concedes that the plaintiff attended the harassment training about which she seeks to depose Samuels. The plaintiff also concedes in her Response that Samuels delivered his harassment training "to masses of [Einstein's] employees. . . ." [Doc. # 9] at p. 2. Samuels opines in his declaration filed in support of the Motion for Protective Order that "[h]undreds of Einstein . . . employees" have attended his training sessions, and he has identified five Einstein witnesses who have been or will be deposed in connection with the California Action who attended his training sessions. Declaration of Donald L. Samuels [Doc. # 3] at ¶¶6-7. The plaintiff can testify herself as to what occurred at the training sessions or can obtain that testimony from numerous other sources. Samuels is not the only available source.

Second, I agree with Samuels that the plaintiff has failed to show that the requested information is relevant to any matter at issue in the California Action. The plaintiff's claims are for gender discrimination, failure to accommodate her pregnancy, and failure to transfer her to a less strenuous position. Complaint [Doc. # 1-1]. The training which she attended and about which she seeks to depose Samuels concerned "harassment." Subpoena [Doc. # 1-2] at p. 3.

The plaintiff has failed to offer any explanation about how harassment training is relevant to any of her claims.[1] Even if the training and the claims concerned the same subject matter, however, it is not apparent to me and the plaintiff offers no explanation as to why the training she attended is relevant to the claims she asserts.

Because I find that the information the plaintiff requests is not relevant to any of her claims, I certainly cannot find that it is crucial to the preparation of her case.

A district court has the discretion to issue a protective order when any one of the three Shelton/Boughton factors is not met. Boughton, 65 F.3d at 830. Here, the plaintiff has failed to meet any of those factors.

IT IS ORDERED that the Motion for Protective Order is GRANTED. The discovery sought through the subpoena shall not be had.

IT IS FURTHER ORDERED that the defendant's request for attorney fees[2] in connection with the Motion for Protective Order is DENIED.

Dated June 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] In the Response, the plaintiff argues that she "may be amending her complaint to add a harassment cause of action," [Doc. # 9] at p. 2, but I have no information that such an amendment has been accomplished.

[2] The defendant and Samuels have failed to develop their argument for attorney fees in any meaningful way. To the contrary, it is a one sentence afterthought thrown in at the end of the Motion for Protective Order.